MICHAEL SHARKEY, PLAINTIFF, v. STEPHEN KAPUSA AND GREENSPAN BROTHERS, INCORPORATED, A CORPORATION, DEFENDANTS.

Submitted October 16, 1926—Decided January 28, 1927.

**Negligence—Injury to Invitee of One Defendant, Whose Motor Vehicle was in Collision With Car of Other Defendant—Verdict Against Owner of Colliding Car and in Favor of Car of Host of Plaintiff—Rules by Unsuccessful Defendant Against Successful Defendant, Also Rule by Plaintiff on Account of Inadequacy of Verdict—All Rules Discharged.**

On rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Isidor M. Dubrow.*

For the defendant Greenspan Brothers, Incorporated, *Freeman Woodbridge.*

For the defendant Stephen Kapusa, *Kalisch & Kalisch.*

PER CURIAM.

These are two rules to show cause. The plaintiff sued the two defendants to recover for injuries sustained by him while riding with defendant Kapusa, on the latter's invitation, in the latter's automobile, in a collision between the latter and the defendant Greenspan Brothers' automobile. The jury at the Middlesex Circuit rendered a verdict in favor of plaintiff and against defendant Greenspan Brothers for $2,500, and a verdict in favor of the defendant Kapusa of no cause of action. Greenspan Brothers obtained a rule to show cause why plaintiff's verdict and the verdict in favor of Kapusa should not be set aside; and the plaintiff obtained a rule to show cause why the verdict in favor of Kapusa should not

be set aside, in which it was also ordered that defendant Greenspan Brothers show cause why the verdict in favor of plaintiff, Sharkey, should not be set aside as inadequate as to damages.

Briefly and generally stated, the evidence tended to show that the automobile of Kapusa, in which plaintiff was riding by invitation, was proceeding on the road from Rahway to Carteret at a speed of about twenty-five or thirty miles an hour; that at a sharp curve in the road plaintiff and his companion sighted the automobile of defendant Greenspan Brothers suddenly rounding the sharp curve and on Greenspan's wrong side of the road; that plaintiff's driver immediately applied the brakes but the car skidded around and was struck by the Greenspan truck, which, according to the testimony, was proceeding "pretty lively," in the rear, and jammed the plaintiff forward against the front seat of the car, breaking his leg.

We think there was evidence of negligent operation of the truck of defendant Greenspan Brothers, and the verdict holding them is not against the weight of the evidence. We are also unable to say that the verdict of $2,500 against Greenspan Brothers, in favor of plaintiff, was inadequate as contended by the plaintiff.

With respect to the claim that the verdict in favor of Kapusa should be set aside, we think that the question of his negligence in the circumstances was properly resolved by the jury in the defendant's favor.

The rules to show cause will be discharged.